CASE 86—PETITION EQUITY—MAY 1.

## Slusher v. Simpkinson & Co., &c.

APPEAL FROM BELL CIRCUIT COURT.

1. FRAUD—PREFERENCE—PLEADING.—In an action under the statute of 1856 denouncing preferential acts, it is not necessary that the pleading should use the language of the statute; it is sufficient if the facts required by the statute are substantially alleged, and the pleading conveys the idea of a design to prefer one creditor to the exclusion of others.

2. SAME.—Such an action at its inception inures to the benefit of all creditors, and any other creditor than the plaintiff may file pleadings in such an action asserting his rights even though it be more than six months after the alleged preferential acts; or may

Slusher v. Simpkinson & Co., &c.

amend the original petition although the original creditor, who brought the suit had dismissed the action so far as he was concerned.

3. SAME.—The debtor having sold to one of his creditors a stock of goods of the value of $3,000, and received from him $1,500, in cash, and applied the balance to the payment of a debt owing such creditor, there was a preference under the statute to the extent of the $1,500, and the court properly ordered the preferred creditor to pay the same over to the court's receiver for the benefit of all the creditors, himself included.

WARREN MONTFORT FOR APPELLANT.

1. The original petition does not allege that the act was done "with the design to prefer one or more creditors to the exclusion in whole or in part of others" as is required by the statute, and was therefore defective. Heidrick & Co. v. Silva, 89 Ky., 423; Grimes v. Grimes, 86 Ky., 511.

2. While the statute provides that any number of persons interested may unite in the petition, there is no provision or rule of practice that permits one who did not unite in the petition to amend it.

3. The statute was not intended to give a creditor who refused to unite in the petition more than six montas within which to begin his proceedings; and the creditor who seeks to collect his debt in full by attachment, and failing in that, should not be permitted to fall back after the expiration of six months, upon the defective pleading of another creditor with whom he had refused to unite, and ask the privilege of perfecting that pleading.

WELLER & HAYES FOR APPELLEE.

1. It is not necessary to use the exact words of the statute. The use of any language which substantially conveys the same meaning is sufficient. Heidrick & Co. v. Silva, 89 Ky., 423.

2. The word "intention" is equivalent to the word "design," and the idea of preference carries with it the idea of exclusion. 5 Amer. Eng. Enc. of Law, 184; 7 Amer. & Eng. Enc. of Law, 116; 19 Amer. & Eng. Enc. of Law, 3.

3. But if the petition of the original plaintiff was defective, they would have had the right after the expiration of the six months to amend the petition and make the amendment relate back to the filing of the petition; (10 Ky. Law Rept., 414; vol. 1, Amer. & Eng. Enc. of Law, 551), and as the petition inured to the benefit of all the creditors any creditor had the right, before the dismissal of the suit to come in and prosecute it to judgment. 11

Slusher v. Simpkinson & Co., &c.

Ky. Law Rept., 646; 5 Bush, 540; Gen. Stat., chap. 4, art. 2, sec. 3; Civil Code, sec. 432.

A. K. COOK, IN PETITION FOR REHEARING.

1. It was the property of Howard purchased by appellant, and not a specific sum of money for which the appellant became indebted to the other creditors of Howard when the preference was adjudged; the judgment appealed from attempts to render appellant liable for the whole amount of the alleged preference regardless of the value of the property he received, and without giving him any opportunity to deliver up the property so received.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

In this action brought to adjudge a sale and transfer of certain property to be within the statute of 1856 denouncing preferential acts the petition averred that the debtor had sold, conveyed or otherwise disposed of his property, with the fraudulent intent to cheat, hinder and delay his creditors; that he had, in contemplation of insolvency, sold and transferred his property, describing it, to his co-defendant, Slusher, for the pretended consideration of $3,000; that he had done so in contemplation of insolvency and to defraud his other creditors, and to prefer Slusher, who was a creditor at the time; that the transfer was made with the intention of preferring Slusher in fraud of his other creditors. After an unsuccessful demurrer to the petition an explicit denial of its averments followed, but before the cause came to trial and more than six months after the alleged preferential sale, another creditor filed his pleading in the action, seeking to amend the original petition and have its language conform more nearly to that of the statute, it being conceded that the original had nowhere charged that

the sale was made with the "design" to prefer one or more creditors, "to the exclusion in whole or in part of others."

Over the objection of the defendants the court permitted this pleading to be filed, and other issues were joined thereon and proof heard. Judgment resulted in accordance with the prayer of the interpleading creditor, the original creditor having dismissed his action so far as he was concerned after the second creditor had appeared in the case. This judgment must be approved. The proof leaves no room whatever to doubt that the sale was within the inhibition of the statute. The contention, however, is that the original petition is defective, and it is evident that pleading does not use the language of the statute. We think, however, its meaning is clear and conveys the idea of a design to prefer the creditor, Slusher, to the exclusion of other creditors, although the words "design" and "exclusion" are not used. The facts required by the statute are substantially stated. If the second creditor, therefore, had filed no pleading, relying on the pleadings as he found them, and had merely filed his claim before the commissioner, he could still have prosecuted the action to a favorable judgment, notwithstanding the original plaintiff had quit the suit. We think, moreover, that as the first creditor had obtained a footing in court, and might have amended his petition at any time before trial, if defective, the second creditor also had the right, while the action was pending, to make the petition good, as the action at its inception inured to the benefit of all creditors.

Judgment affirmed.

The court delivered the following response to a petition for rehearing December 9, 1897:

Slusher v. Simpkinson & Co., &c.

The sole question discussed by counsel representing appellant on the original hearing was one with respect to the pleadings. It is now urged that the court below ought not to have directed appellant to pay to the receiver the sum representing the extent to which appellant had been preferred, but have ordered appellant to account for the goods purchased of the debtor, Howard. The facts are that appellant bought of Howard a stock of goods, of the value of $3,000, paying him in effect the sum of $1,500 in cash, and applying the balance to the payment of a debt of the insolvent debtor, on which appellant was bound as his surety. This was a preference under the statute to the extent of the sum of $1,500, and the court properly ordered the preferred creditor, the appellant, to surrender it or pay it over to the court's receiver for the benefit of all the creditors. Appellant is one of them, and is, of course, entitled to his share of the fund to be distributed. And if the creditors have in some way already got the goods, or some part of them, as suggested by counsel, this may be adjusted on the final distribution of the fund as the creditors can not have both the goods and their purchase price in the hands of the appellant.

Petition overruled.